UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| AMADOR RIVERA,<br><br>    Plaintiff,<br>v.<br><br>JOHN DOE, et al.,<br><br>    Defendants. | 3:09-cv-00007 (CSH)<br><br><br><br>**ORDER** |

HAIGHT, Senior District Judge:

In previous Orders and instructions to plaintiff, the Court has already explained the procedures for serving a complaint under Fed. R. Civ. Pro. 4. *See, e.g.*, Order [Doc. #19]. Rule 4(d)(2) sates that if a defendant "located within the United States fails, without good cause, to sign and return a waiver," then the Court must impose "the expenses *later incurred* in making service." (emphasis added). The rule thus clearly requires plaintiffs to "incur" the expenses — that is, to pay for and effect service — before the plaintiff may recover them.

As for plaintiff's statement that he has sent an original summons to the Clerk and the Clerk's Office has not returned it bearing the seal, the Court has consulted the Clerk's Office, and it has no record of ever having received such a summons from plaintiff. In any event, the Clerk's Office resent to plaintiff the instructions for service, including blank waiver and summons forms, on April 7, 2010.

Plaintiff's Motion Under Rule 4(d)(2) and (d)(4) [doc. #27], which requests issuance of summons and recovery of costs of service, is therefore **DENIED** without prejudice. Accounting for the time it will take to send one or more original summonses to the Clerk, the time required to process and return those summonses with a seal, and the time required to then serve those

documents on a defendant, the Court hereby extends plaintiff's deadline to serve Defendant Hector Rios, *sua sponte*, until June 12, 2010. The deadline to serve Defendants Hopkins and Harper remains the same, *see* Order [doc. #23]; such service must be effected on or before May 21, 2010. If plaintiff effects service within those times, he may later move the Court to recover his costs, and such a motion must be accompanied by documentation to corroborate both the defendant's refusal to return the waiver, and plaintiff's costs for service.

**Failure to effect service within the specified deadlines will result in the Court's dismissal of plaintiff's claims against those defendants, without prejudice, pursuant to Rule 4(m). No further extensions will be granted without a compelling demonstration of good cause, which must include the efforts plaintiff has expended to effect service, the tasks which remain, and an assurance that the time requested is sufficient to complete those tasks.**

It is SO ORDERED.

Dated: New Haven, Connecticut
April 12, 2010

                                                 /s/ *Charles S. Haight, Jr.*
                                                Charles S. Haight, Jr.
                                                Senior United States District Judge