# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| AMADOR RIVERA,<br><br>        Plaintiff,<br>v.<br><br>JOHN/JANE DOE, et al.,<br><br>        Defendants. | PRISONER<br><br>3:09-cv-00007 (CSH)<br><br>**RULING AND ORDER**<br>**REGARDING CERTAIN**<br>**PENDING MOTIONS**<br>[Docs. ##38, 39, 40] |

HAIGHT, Senior District Judge:

In his Motion To Request Delay on Ruling on Defendants' Motion To Dismiss or Summary Judgment [Doc. #40] (July 29, 2010), Plaintiff Amador Rivera seeks an order "delaying [a] ruling" on Defendants' pending Motion To Dismiss [Doc. #36]. As cause for the request, Rivera cites an outstanding discovery request, allegedly dated June 14, 2010, to which Defendants have not responded. Rivera has also filed a Motion To Compel [Doc. #39] (July 29, 2010), relating to those same discovery requests.[1] Defendants' deadline to respond to both motions has not yet elapsed.

Defendants, for their part, have filed a motion seeking to stay discovery until after the pending Motion To Dismiss is decided. *See* Defendants' Motion To Stay Rule 26(f) Requirement and Discovery [Doc. #38] (July 21, 2010).

**I.    Discovery**

Defendants seek to stay discovery, but their Motion To Dismiss includes and relies upon material outside the pleadings, and it expressly contemplates possible conversion into a motion for

---

[1] Although Rivera's motion claims that copies of his discovery requests are attached as exhibits, the Court was unable to locate any such exhibits. *See* [Doc. #39].

summary judgment.² Defendants cannot have their cake and eat it, too. If they wish to oppose discovery until after adjudication of their Rule 12 motion, then when deciding their motion, the Court will not consider any materials outside the pleadings, except those "appended to the complaint or incorporated in the complaint by reference, [or] matters of which judicial notice may be taken." *Leonard F. v. Israel Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (citation omitted); *see also Roth v. Jennings,* 489 F.3d 499, 509 (2d Cir. 2007) ("In addition, even if not attached or incorporated by reference, a document upon which the complaint *solely* relies and which is *integral to the complaint* may be considered by the court in ruling on such a motion." (brackets, citation, and internal quotation marks omitted; emphasis in *Roth*)).

On the other hand, "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Moreover, that "reasonable opportunity" will almost certainly include some discovery, as the Rules specifically contemplate: "If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: . . . (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken." Fed. R. Civ. P. 56(f).

> In sum, before the court converted the defendants' motion for judgment on the pleadings into a motion for summary judgment and granted that motion, extinguishing the pro se plaintiff's claim, the plaintiff was entitled to (i) an opportunity to take relevant discovery and to submit any evidence relevant to the issues raised by the

---

² Although defendants' motion is captioned a Motion To Dismiss, and is grounded in Federal Rule of Civil Procedure 12(b)(5) and (6), defendants "[a]lternatively . . . move[] pursuant to Rule 56(c) . . . for summary judgment." Mot. [Doc. #36] at 1.

> motion, and (ii) absent a clear indication that he already possessed such understanding, an explanation of the consequence of a grant of summary judgment, as well as of what he could do to defeat the motion.

*Hernandez v. Coffey*, 582 F.3d 303, 309 (2d Cir. 2009).

Rivera has been partially advised of the consequences that attend Defendants' motion. Pursuant to local rules regarding notices to *pro se* plaintiffs, Defendants have attached a notice that spells out these consequences, although Defendants' compliance with the Local Rules is incomplete.[3] *See* Notice to Pro Se Litigant [Doc. #36-2].

## II. Service of Process

One of the reasons Rivera argues that he requires discovery is that "without [discovery responses], the plaintiff is not able to send 'waiver' and copy of 'complaint' to the defendant[s] at F.B.I. Clarksburgh, West Virginia and D.S.C.C. in Grand Prairie, Texas, and is not able to respond to the defendants' motion to dismiss or [for] summary judgment properly." [Doc. #40] at 1.

The Court has granted repeated extensions of time to allow Rivera to effect service of process. *See* Docs. ##14, 19, 23, 28. In numerous orders, it has spelled out what is required and how it may be achieved. Rivera repeatedly requested that the Court and its marshals effect service on his behalf, which would appropriate if he were proceeding *in forma pauperis*, but he failed to submit the necessary documentation to achieve that status. *See* Electronic Order [Doc. #26] (denying reconsideration regarding IFP status because "Plaintiff provide[d] no compelling reasons why that decision should be revisited, and he has not attached an updated inmate account statement or any

---

[3] Defendants have failed to enclose the separate Notice to Pro Se Litigant Opposing Motion to Dismiss As Required by Local Rule 12(a), that pertains to Rule 12, found in D. Conn. Local Civ. R. 12; the full text of Local Civil Rule 7; and the full text of Fed. R. Civ. P. 56.

documentation of expenditures that would corroborate any change in his financial position.").

The final extensions of time that Rivera received as to service permitted until May 21, 2010 to serve Defendants "Hopkins" and Lynn Harper, *see* [Doc. #23] (Feb. 18, 2010), and until June 12, 2010 to serve Defendant Hector Rios, *see* [Doc. #28] (Apr. 12, 2010). In its February 18 Order, the Court directed the government to "to furnish plaintiff with the last known addresses for [Defendants Hopkins and Harper]," which it did on March 4, 2010. *See* Response [Doc. #24]. And in its April 12 Order, the Court stated that "No further extensions will be granted without a compelling demonstration of good cause, which must include the efforts plaintiff has expended to effect service, the tasks which remain, and an assurance that the time requested is sufficient to complete those tasks." *Id.* As to all of the defendants whose identity is known to Rivera, the proper time for service against those defendants has passed.[4]

One Defendant, however, remains a mystery. On April 8, 2010, Rivera responded to the government's information, telling the Court that he "does not know 'Mr. Hopkins' first name and therefore would like to wait until discovery to find out his first name and if he still works as a detective in the state of Connecticut (Hartford) or if he has retired. So then he can send a copy of the complaint and forms to the correct address and person." [Doc. #29]. He also stated that Hopkins

---

[4] It also appears that Rivera has asked the Court to acknowledge or ratify in some way his attempts at service. At the bottom of the present motion, he writes: "WHEREFORE, the plaintiff submits this motion and pray[s] this court grants 'waiver of service' and copy of 'complaint' were sent to Mr. Rios[.] See; Attached copy 'certified mail receipt.' Mr. Rios failed to send waiver." Mot. [Doc. #40] at 1. Rivera has only attached the same certified mail receipt and delivery confirmation postcard that were attached to a previous motion, *see* [Doc. #18] at 5, which was part of the foundation upon which the Court granted an extension of time on January 28, 2010. *See* [Doc. #19]. It is unclear what Rivera intends to convey by resubmitting this piece of evidence, but in any event, the Court makes no ruling at the present time regarding the sufficiency of service upon Defendant Rios.

"is not an F.B.I. Agent, but a detective who worked closely with the defendant Jeff Rovelli, who is an F.B.I. Agent." *Id.* In light of that revelation, it would be unfair at this juncture to dismiss Rivera's Complaint as to Hopkins for lack of proper service, as Defendants request,[5] without even permitting Rivera the discovery that might uncover that defendant's full identity, and thus, the location where he could be served. As to all other defendants, however Rivera has provided no good cause to extend the time for service of process, and the Court declines to do so.

## III. Orders

It is therefore ORDERED that:

- Defendants must respond forthwith to any discovery requests Rivera has already made concerning the identity of unknown defendants.

- Defendants must file and serve on Rivera an expanded Notice to Pro Se Litigant which complies with the requirements of the District of Connecticut's Local Rules of Civil Procedure 12 and 56.

- Within the next fourteen (14) days, Rivera may seek additional discovery concerning the full identity of Defendant Hopkins. If Rivera fails to pursue such discovery with appropriate diligence during this time period, the Court will not consider any additional requests for extensions of time regarding service. But if he pursues this discovery diligently and is later able to discover information that would permit service of process upon Hopkins, he may then make a motion for additional time to effect service upon Hopkins.

---

[5] Defendants Hector Rios and "Hopkins" have moved under Rule 12(b)(5) to dismiss the Complaint as to them for lack of proper service. *See* Defs.' Mem. [Doc. #36-1] at 12.

- Within the next fourteen (14) days, Defendants must notify Rivera and the Court whether they wish to limit their motion to one under Rule 12, eliminating from consideration any matters outside the pleadings that might be contained in their Motion To Dismiss. In that case, Rivera will have 30 days from service of such notice in which to respond to Defendants' motion. Discovery will be stayed, on all subjects except the identity of unknown defendants, until the Court has adjudicated this motion.

- Alternatively, Defendants may ask the Court to convert their motion to one under Rule 56, in which case the Court will permit limited discovery into issues raised by the materials that Defendants have included in their motion. Rivera will have 30 days in which to serve discovery requests upon Defendants. Rivera's discovery requests must be tailored to the evidentiary issues raised in the Defendants' Motion for Summary Judgment, and he must file a copy of his requests with the Court. Defendants would have 30 days to respond, and assuming no discovery disputes arose from those responses, Rivera's opposition brief would be due 30 days after service of the government's responses.

- The pending motions to stay discovery, compel discovery, and delay rulings [Docs. ##38, 39, 40] are all GRANTED in part and DENIED in part, as described above.

**SO ORDERED** this   5th   day of August, 2010, at New Haven, Connecticut.

                                                 */s/ Charles S. Haight, Jr.*
                                                 Charles S. Haight, Jr.
                                                 Senior United States District Judge