UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| AMADOR RIVERA,<br><br>               Plaintiff,<br>v.<br><br>JOHN/JANE DOE, et al.,<br><br>               Defendants. | PRISONER<br><br>3:09-cv-00007 (CSH)<br><br>**<u>RULING AND ORDER<br>REGARDING CERTAIN<br>PENDING MOTIONS</u>**<br>[Docs. ##36, 45, 48] |

<u>HAIGHT</u>, Senior District Judge:

Plaintiff Amador Rivera, currently confined at the Federal Correctional Institution in Manchester, Kentucky, commenced this *Bivens*[1] action pro se against several federal employees of the FBI and Federal Bureau of Prisons ("BOP"). The Defendants are Jeffrey Rovelli, Harrell Watts, Hector Rios, and Lynn Harper.[2] The Defendants move to dismiss the complaint. [Doc. #48.] For the reasons that follow, the Defendants' amended motion to dismiss is **GRANTED**.

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

[2] During this case, Rivera had sought further information regarding a defendant named "Hopkins." In this Court's August 5, 2010 Order [Doc. #41], the Court gave Rivera fourteen days to seek additional discovery regarding "Hopkins" so that he could potentially seek this Court's permission for additional extensions of time to serve "Hopkins." In a letter dated August 23, 2010, the U.S. Attorney for the District of Connecticut responded to Rivera's August 10, 2010 discovery request concerning "Hopkins." The letter identified a "Peter Hopkins," formerly of the Hartford Police Department, and noted that the FBI in New Haven would receive any waiver of service for said Peter Hopkins. Because this Court never received any waiver of service nor any motion by Rivera by which to extend the time necessary to serve Peter Hopkins or any other potential defendant, the Rivera's suit against "Hopkins" is dismissed under Rule 12(b)(5) for lack of proper service.

**I.    Facts**[3]

In 1995, Rivera was arrested and charged, along with many other individuals, following an investigation into the Los Solidos gang in Connecticut. On July 26, 1996, in the United States District Court for the District of Connecticut, after a trial before Judge Dorsey, a jury convicted Rivera on charges of racketeering, conspiracy to commit racketeering, conspiracy to commit murder in aid of racketeering, and conspiracy to distribute controlled substances. He was sentenced to three concurrent terms of life imprisonment.

In 2001, Rivera filed a motion in this Court for habeas corpus relief under 28 U.S.C. § 2255, alleging that his sentences violated the Supreme Court's 2000 ruling in *Apprendi v. New Jersey,* 530 U.S. 466 (2000). Judge Dorsey agreed, and modified Rivera's sentences "for an effective sentence of forty years." *Rivera v. United States*, No. 01-cv-0076, 2003 WL 22359252, at *3 (D.Conn. 2003).

Thereafter Rivera returned a number of times to this Court with additional motions for relief of various kinds, which Judge Dorsey dealt with and summarized in an opinion reported at 2007 WL 2471742 (D.Conn. Aug. 30, 2007). That opinion considered Rivera's latest motion, to set aside the judgment against him on the ground that "federal courts lack jurisdiction over criminal acts and it was therefore unconstitutional for this Court to sentence him for any criminal act." *Id*. at *1. Judge Dorsey reasoned that whatever that motion's caption, it was in reality a second or successive petition to Rivera's 2001 petition under § 2255. In consequence, Judge Dorsey directed the transfer of the motion "to the United States Court of Appeals transferred the motion to the Second Circuit to enable

---

[3] *See, e.g., Shuttlesworth v. City of Birmingham*, 394 U.S. 147, 157 (1969) (acknowledging that court "may properly take judicial notice of the record in [prior] litigation between the same parties"); *Wells v. U.S.*, 318 U.S. 257, 260 (1943) (acknowledging that court may take judicial notice of habeas proceeding brought by same party in other federal courts).

that court to determine whether the claim s raised in this petition should be considered by the district court," *id.* at *2, a transfer mandated and accomplished pursuant to 28 U.S.C. §§ 2255 and 1631.

The BOP transferred Rivera to a federal correctional institution in Manchester, Kentucky, to serve this Court's sentence. That facility lies within the Eastern District of Kentucky. In January 2008, Rivera filed in that court a habeas action under 28 U.S.C. § 2241, against the warden of the Kentucky prison where Rivera was confined. Section 2241 provides habeas relief if the prisoner shows that he is "in custody in violation of the Constitution or laws or treaties of the United States." The case was assigned to District Judge Karen K. Caldwell, whose thorough and well-reasoned opinion is reported at 2008 WL 973095 (E.D.Ky. April 8, 2008). Rivera claimed that in respect of the underlying criminal charges against him, the FBI, the government, the courts and the BOP "all have imposed an identity upon him which is not his; he was convicted and is serving a sentence for a crime of which he is actually innocent." *Id*. at *1. That claim was based upon certain inaccuracies in Rivera's earlier records, relating to Rivera but containing erroneous references to "Armondo Rivera." Judge Caldwell wrote:

> Meanwhile, also during 2007, Rivera was in the process of exhausting the BOP administrative remedies so as to bring the instant "actual innocence" or "mistaken identity" claim to this Court, in the district in which he is in custody, pursuant to 28 U.S.C. § 2241. Having completed the administrative process, on January 15, 2008, Petitioner filed the Section 2241 action herein, raising a claim *which he has apparently not raised earlier*.

2008 WL 973095 at *2 (emphasis added). In context, the judge's phrase "not raised earlier" means "not raised in a prior judicial proceeding."

Judge Caldwell, acting in accordance with her Court's procedures, *sua sponte* denied Rivera's Kentucky habeas petition and dismissed his action. Thus rebuffed, Rivera returned to this

3

Court and in 2009 filed the captioned *Bivens*-type action against the federally employed individuals involved in his case, reasserting his "actual innocence" or "mistaken identity" claims. Rivera's instant complaint alleges that in March 2007 he discovered errors in BOP records regarding his date of offense, social security number, and FBI number. Rivera brought these errors to the attention of BOP staff. BOP officials at the Regional level informed Rivera that his fingerprints were submitted to the FBI to resolve the issue of possible mistaken identity. The FBI acknowledged that Rivera's FBI number had been incorrectly reported and corrected that error, along with other incorrect information. The district court records also were corrected. BOP officials informed Rivera that, despite these errors, he was properly incarcerated pursuant to the judgment order from the district court. BOP officials also told Rivera that any challenge to his sentence or claim that he was actually innocent of the charges must be addressed to the sentencing court.

As noted, Rivera was not satisfied with this administrative result. He contended that he had been confused with one *Armondo* not *Amador* Rivera, and was innocent of the Connecticut charges. In January 2008, Rivera filed his petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, in the Eastern District of Kentucky claiming actual innocence and mistaken identity. As previously described, that court dismissed the action. Judge Caldwell concluded that (1) any erroneous information in BOP, FBI, or other court records had been corrected; (2) plaintiff had not demonstrated that he was in custody in violation of the Constitution or federal law; and (3) since he previously had challenged his conviction pursuant to 28 U.S.C. § 2255 in this Court before Judge Dorsey, Rivera could not challenge his Connecticut conviction again without obtaining permission from the appellate court. The Kentucky district court also determined that Rivera could not obtain relief under section 2255's savings clause because he failed to show how the section 2255 remedy

was inadequate or identify any change in the law showing that he was actually innocent.

## II.      Standard of Review

When considering a motion to dismiss, the Court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Flores v. Southern Peru Copper Corp.*, 343 F.3d 140, 143 (2d Cir. 2003). The Court considers not whether a plaintiff ultimately will prevail, but whether she has stated a claim upon which relief may be granted so that she should be entitled to offer evidence to support his claim. *See York v. Association of Bar of City of New York*, 286 F.3d 122, 125 (2d Cir.), *cert. denied*, 537 U.S. 1089 (2002).

As recently noted by the Supreme Court, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (internal citations and quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In evaluating this plausibility standard, the Court liberally construes pro se complaints. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) ("Even after *Twombly*, though, we remain obligated to construe a pro se complaint liberally.").

## III.     Discussion

Rivera claims in the instant case that the individual Defendants violated his federal rights by either intentionally or negligently creating or failing to correct inaccurate or false records about the Rivera's identity. Just as Rivera's prior habeas suit in the Eastern District of Kentucky, this case concerns a claim of mistaken identity.

5

The Defendants move to dismiss all claims against Defendant Rios for lack of proper service. They also move to dismiss the claims against all Defendants on five grounds: (1) the claims are barred by the doctrines of res judicata and collateral estoppel; (2) the complaint is moot because the requested relief has been granted; (3) the Plaintiff's claims fail under the Privacy Act, 5, U.S.C. § 552a, which is the Plaintiff's exclusive remedy; (4) the Plaintiff fails to allege a cognizable constitutional violation; and (5) the Defendants are protected by qualified immunity.

### A. Service on Defendant Rios

Rivera paid the filing fee to commence this action. Thus, he is responsible for effecting service on all Defendants.

Defendant Rios did not return a waiver of service of summons form sent to him. The form was sent to Defendant Rios' current work address as confirmed by the Defendants in their March 4, 2010 response. *See* Docs. ## 15, 24. Because Defendant Rios did not return the waiver, Rivera was required to effect in person service on Defendant Rios. Fed. R. Civ. P. 4(i)(3) (requiring personal service on a U.S. Officer or employee when suing that officer or employee in her individual capacity); *see also Armstrong v. Sears*, 33 F.3d 182, 186 (2d Cir. 1994) (holding that in a *Bivens* action, individual defendants must be served in accordance with Fed. R. Civ. P. 4(e)). The Court granted Rivera an extension of time, until June 12, 2010, to serve Defendant Rios. On May 27, 2010, Rivera filed a return of service for Defendant Rios, stating that service had been effected on the Office of the U.S. Attorney. Because Rivera did not personally serve Defendant Rios, proper service was not effected within the time prescribed by the Court.

Failure to effect proper service may be excused for good cause. *See Lab Crafters, Inc. v. Flow Safe, Inc.*, 233 F.R.D. 282, 284 (E.D.N.Y. 2005). In determining whether good cause exists,

the Court considers the "reasonableness and diligence of Plaintiff's efforts to serve" and any prejudice to the defendant caused by the delay. *Id.* Here, Defendants do not argue that Defendant Rios was unaware of the action or prejudiced by Rivera's failure to effect proper service upon Rios. They do contend that Rivera cannot establish good cause to excuse his failure to effect service. Rivera was aware of Defendant Rios' address and, in his opposition to the motion to dismiss, does not argue that there exists good cause for his failure to properly serve defendant Rios.[4] Accordingly, the Defendants' motion to dismiss is granted as to all claims against Defendant Rios. *See Lab Crafters,* 233 F.R.D. at 285 (granting motion to dismiss for lack of service where plaintiff failed to demonstrate proper service or good cause even though defendant was not prejudiced).

### B.  Claim and Issue Preclusion

The defendants argue that Rivera's claims are barred by the doctrines of claim and issue preclusion.

#### 1.  Claim Preclusion

Claim preclusion, or the doctrine of *res judicata*, "provides that 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). However, there is a well-recognized exception to claim preclusion when the court in the first action had limited jurisdiction with respect to the available remedies. *See Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 382 (1985) ("With respect to matters that were not decided in the state proceedings ... claim preclusion generally

---

[4] Defendants provide a copy of a letter sent to the Rivera's mother, who had served the complaint on Rivera's behalf, explaining that service on the Office of the U.S. Attorney was not proper service on defendant Rios. *See* Defs. Mem. Ex. 6.

does not apply where 'the plaintiff was unable to ... seek a remedy because of the limitations on the subject matter jurisdiction of the courts.'") (quoting Restatement (Second) of Judgments § 26(1)(c) (1982)). This claim preclusion exception has been applied to section 1983 actions for damages that would otherwise be barred by a previous state court habeas proceeding. *See Burgos*, 14 F.3d at 790-92 (citing New York law); *see also Faraday v. Blanchette*, 596 F. Supp. 2d 508, 514-15 (D. Conn. 2009) (citing Connecticut law and following *Burgos*); *Hallock v. United States*, No. 9-cv-1141, 2010 U.S. Dist. LEXIS 109278, at *22-23 (N.D.N.Y July 28, 2010) (citing *Burgos*).

The basic exception can be stated as follows. If a Plaintiff could not have received the same remedy in the prior action that he seeks in a subsequent claim, claim preclusion should not bar the subsequent suit. This exception to the principle of claim preclusion applies just as equally to a prior federal court habeas proceeding as in a prior state habeas proceeding. In Plaintiff's prior claim before Judge Caldwell, he could not have received damages because it was a habeas suit. Plaintiff now seeks damages previously unavailable to him and claim preclusion does not bar his suit.

### 2. Issue Preclusion

Issue preclusion, or the doctrine of *collateral estoppel*, provides that "'once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case.'" *Burgos*, 14 F.3d at 789 (quoting *Allen*, 449 U.S. at 94). A party is barred by issue preclusion from "relitigating an issue if a four-part test is met: (1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Boguslavsky v. Kaplan*, 159 F.3d 715, 720 (2d Cir. 1998)

8

Issue preclusion been applied to bar relitigation in a civil rights action of issues previously litigated and lost in a habeas corpus proceeding. *See Kulak v. City of New York*, 88 F.3d 63, 71-72 (2d Cir. 1996) (barring relitigation in federal section 1983 action of issues previously litigated in state habeas proceeding); *Menillo v. U.S. Dep't of Justice Bureau of Prisons*, 411 F. Supp 2d 130 (D. Conn. 2006) (barring relitigation in *Bivens* action claims previously litigated and lost in federal habeas proceeding). When issue preclusion is used defensively, mutuality of parties is not required; issue preclusion may be applied as long as the party against whom issue preclusion is asserted had a full and fair opportunity to litigate the issues in the prior case. *See ACLI Gov't Sec., Inc. v. Rhoades*, 963 F.2d 530, 533 (2d Cir. 1992) (citing *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326-31 (1979) and *Blonder-Tongue Lab., Inc. v. University of Ill. Found.*, 402 U.S. 313, 328-30 (1971)); *see also* 18A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 4464 (2d.) (noting that the federal court have abandoned the traditional rule that claim preclusion could not be used by nonparties and instead notes that "courts have adopted a rule that nonmutual issue preclusion is permitted unless it would be unfair.")

The first element in the claim preclusion analysis is whether Rivera raised identical issues in his prior litigation. In his section 2241 action before the Eastern District of Kentucky, Rivara asserted claims of inconsistencies in his prison records, mistaken identity, as well as actual innocence and constitutional violations. *Rivera v. Rios*, 2008 WL 973095 at *4-5 (discussing plaintiff's petition). As discussed *supra*, Rivera's the inconsistent records and mistaken identity issues are the same issues before this Court.

The second element is whether an issue has been actually litigated and decided in the prior litigation. To determine whether an issue has been "actually litigated" for issue preclusion purposes,

9

the Court reviews the record in the prior case to ensure that the issue has been submitted to the trier of fact for determination. *See Wilder v. Thomas*, 854 F.2d 605, 619 (2d Cir. 1988). The fact that a plaintiff may have been proceeding *pro se* does not necessarily preclude a determination that he had a full and fair opportunity to litigate his claims. *See, e.g., Goodson v. Sedlack*, 212 F. Supp. 2d 255, 258 (S.D.N.Y. 2002) (holding that "the mere fact that the plaintiff proceeded pro se does not sufficiently establish that he was denied a full and fair opportunity to be heard") (citation omitted).

As discussed *supra*, Judge Caldwell dismissed Rivera's previous suit in a written opinion that thoroughly addresses each of his claims. Judge Caldwell noted that documents attached to the petition showed that BOP officials had reported to Rivera that any inconsistencies or errors in BOP, FBI, and sentencing court records had been corrected and that Rivera had not presented any evidence to suggest that his records still contained any errors. *Rivera v. Rios*, 2008 WL 973095 at *4-5. In addition, the district court found that prisoners have no right to have BOP records corrected. The proper remedy for incorrect records would be an action for damages for violation of the Privacy Act, not an action for injunctive relief. *Id.* Thus, the issues before this Court were actually litigated in the habeas action before the Eastern District of Kentucky.

The third element is whether Rivera had a full and fair opportunity to litigate the issue before the prior court. Rivera brought the previous suit and litigated the matter before Judge Caldwell. He does not contend that he did not have a full and fair opportunity to present his claims before Judge Caldwell. Instead, in opposition to the motion to dismiss, Rivera contends that he was not seeking damages in the habeas action. Issue preclusion may apply, however, even where the second lawsuit seeks different relief. *See, e.g. Flemming v. Goord*, No. 06-CV-26, 2008 U.S. Dist. LEXIS 117436 at 10 (N.D.N.Y 2008). Thus, the fact that Rivera now seeks damages does not preclude the

application of issue preclusion to bar his claims regarding inconsistencies or errors in BOP, FBI, or sentencing court records.

The fourth and final element necessary to determine whether Rivera's claim is barred by issue preclusion is whether the resolution of the issue was necessary to support a valid and final judgment on the merits. Judge Caldwell's analysis of Rivera's inconsistent records and mistaken identity claims was necessary to the resolution of his claims. Thus, the Defendants' motion to dismiss is granted regarding Rivera's claims because the same issues identified in this proceeding were fully litigated and decided before the Eastern District of Kentucky.

### C. Constitutional Claims Barred by *Heck v. Humphrey*

Even assuming that the Rivera has brought issues in this suit that were not fully litigated before the Eastern District of Kentucky, Rivera is still barred from bringing any claim that calls into question the validity of his conviction. The gravamen of this action is that there has been a case of mistaken identity and the Rivera is being wrongly held for a crime he did not commit. But this claim directly relates to the validity of Rivera's conviction, even though Rivera seeks damages and not release from incarceration.

The Supreme Court has held that an inmate may not bring a civil rights action if success in that action would necessarily call into question the validity of his conviction unless that conviction first has been reversed on direct appeal, expunged by executive order, or called into question by a federal court's issuance of writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). This holding has been applied to *Bivens* actions. *See Tavaris v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995). As Rivera has not shown that his conviction has been called into question, his claims based on mistaken identity and actual innocence are barred by *Heck*.

11

## IV. Conclusion

Defendants' Amended Motion to Dismiss [**Doc. #45**] is **GRANTED**. Defendants' first Motion to Dismiss [**Doc. #36**] and Rivera's motion to submit exhibits referenced in his motion to compel [**Doc. #48**] are **DENIED** as moot. The Clerk is directed to enter judgment and close this case.

**SO ORDERED** this 24th day of March 2011, at New Haven, Connecticut.

    /s/ Charles S. Haight, Jr.

Charles S. Haight, Jr.

Senior United States District Judge