UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| AMADOR RIVERA, | |
|---|---|
| Plaintiff, | 3:09-cv-00007 (CSH) |
| v. | |
| JOHN/JANE DOE, et al., | June 7, 2011 |
| Defendants. | |

**RULING ON PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT**

HAIGHT, Senior District Judge:

Plaintiff Amador Rivera moves to alter or amend the Court's Judgment in favor of the Defendants, which dismissed Rivera's claims and closed the case. For the following reasons, the motion is DENIED.

I.  **Background**

On March 24, 2011, the Court granted the Defendants' motion to dismiss Rivera's *Bivens* action on the alternate grounds of issue preclusion and that they were *Heck*-barred for calling into question the validity of his conviction.[1] Judgement in favor of the Defendants issued the same day. On April 8, 2011, Rivera timely filed his Rule 59(e) Motion to Alter or Amend the Judgment, asserting that the Court erred in granting the Defendants' motion to dismiss.

II.  **Discussion**

Motions to alter or amend judgments are governed by Fed. R. Civ. R. 59(e). The standard to grant this motion is quite high. When deciding such a motion, a District Court must determine

---

[1] The Court also dismissed Rivera's claims against an individual defendant for failure to serve. Rivera does not contest this ruling in this motion.

whether the moving party has pointed to "controlling decisions or data that the court overlooked—matters . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Rulings in the District of Connecticut identify "only three possible grounds for any motion for reconsideration: (1) an intervening change in the law; (2) the availability of new evidence not previously available; and (3) the need to correct a clear error of law or prevent manifest injustice." *Gold v. Dalkon Shield Claimants Trust*, 1998 U.S. Dist. LEXIS 22412, at *5 (D. Conn.1998); *see, e.g., United States v. Cunningham,* 2008 U.S. Dist. LEXIS 47307 (D. Conn. 2008) (citing *Gold*).

Rivera does not point to any intervening change in the law or newly available evidence. Neither does he cite any overlooked legal authority or factual matters. Rather, Rivera argues two points. One, that this Court misapplied two elements of this Circuit's test for issue preclusion; and, two, that his claims that the Court ruled *Heck*-barred should—in effect—be stayed pending other litigation, which may reverse his conviction. Neither of these arguments is availing.

Rivera challenges the Court's application of the doctrine of issue preclusion. In its prior Ruling, the Court cited *Boguslavsky v. Kaplan*, 159 F.3d 715, 720 (2d Cir. 1998), for the familiar four-part issue preclusion test: "A party is barred by issue preclusion from 'relitigating an issue if a four-part test is met: (1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits.'"

Rivera argues that the Court misapplied parts (3) and (4) because he did not have a "full and fair opportunity" to litigate his mistaken identity, and the resolution of this issue by Judge Caldwell

of the Eastern District of Kentucky was not necessary to support a valid and final judgment on the merits. In his motion, Rivera conflates the two elements, arguing that he did not have a full and fair opportunity to litigate his claims regarding his alleged mistaken identify because his petition was ultimately dismissed as a second successive Section 2255 motion that did not meet the stringent standards of Section 2255's savings clause. *Rivera v. Rios*, No. 08-cv-10, 2008 U.S. Dist. LEXIS 28694, at *11-13 (E.D. Ky. 2008). Nevertheless, the Court will address each of the elements in turn.

The Circuit's standard for what constitutes a full and fair opportunity to litigate an issue is governed by whether the party in the previous case "was fully able to raise the same factual or legal issues as [he] asserts here." *Lafleur v. Whitman*, 300 F.3d 256, 274 (2d Cir. 2002). The factual and legal issues regarding Rivera's claim of mistaken identity are exactly the same issues raised for the Eastern District of Kentucky, and therefore Rivera not only had a full and fair opportunity to litigate those issues under the third element of the issue preclusion test, he in fact did raise the same issues in the prior litigation.

Rivera also argues that the Court erred in finding that the resolution of his claims of erroneous records and mistaken identity was not necessary to support the previous court's judgment on the merits. Rivera's argument is that Judge Caldwell's dismissal of his prior case was not "on the merits" because she found that—insofar as Rivera's claims were really a challenge to the validity of his conviction and sentence—he could not bring them as a Section 2241 action in the Eastern District of Kentucky.

Rivera's argument fails because Judge Caldwell not only concluded that his action could not proceed as a challenge to his original conviction, she also concluded that:

> [T]o the extent that the Petitioner faults the BOP for any errors in his records which

3

> affect the execution of his sentence to his detriment, his use of 28 U.S.C. § 2241 in this Court would be the appropriate vehicle. In the instant case, however, Petitioner has failed to state a claim. He offers no facts showing current errors to his detriment. Nor has he stated a claim under the necessary legal standards. Section 2241 provides habeas relief only if the prisoner shows that he is 'in custody in violation of the Constitution or laws or treaties of the United States.'

*Rivera,* 2008 U.S. Dist. LEXIS 28694, at *10.

Judge Caldwell addressed Rivera's allegations of mistaken identity and erroneous records claim and dismissed them for failing to state a claim. This analysis and holding was prior to the court's discussion of whether Rivera's *pro se* petition should be treated instead as a Section 2255 petition challenging his conviction. Judge Caldwell did also decide that Rivera's claims did not meet the standards necessary to apply the savings clause of Section 2255. *Id.* But this was in addition to her holding that Rivera's alleged facts failed to state a cognizable Section 2241 claim. It is this holding that this Court found to be necessary to support the final judgment on the merits. Therefore, Rivera's argument that the Court misapplied the elements of claim preclusion is incorrect.

Finally, Rivera suggests a novel objection to the Court's conclusion that his suit is *Heck*-barred. Rivera pointedly does not argue that his lawsuit did not call into question his conviction. Rather, he argues that another pending challenge to his conviction *may* succeed and so this Court should not dismiss his claims now since they *may* not be *Heck*-barred in the future. Needless to say, Rivera does not cite any authority for the proposition that a pending challenge to his conviction should operate as an exception to *Heck v. Humphrey*, 512 U.S. 477 (1994). The Court declines to adopt this proposed exception to *Heck*.

### III. Conclusion

For the foregoing reasons, Plaintiff Rivera's Motion to Alter or Amend the Judgment is

DENIED.

It is **SO ORDERED.**

Dated: New Haven, Connecticut

June 7, 2011

                                                  /s/ *Charles S. Haight, Jr.*

                                                  Charles S. Haight, Jr.

                                                  Senior United States District Judge